**CIRCUIT COURT OF THE CITY OF FREDERICKSBURG**

Rosner Motors, Inc.

v.

United States Fidelity
and Guaranty Company

May 5, 1993

Case No. CL92–136

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this case is whether the loss suffered by the plaintiff is covered by its insurance contract with the defendant.

The parties agree that the pertinent provision in the insurance policy is found in Section VII of the endorsement. Under the heading "False Pretense Coverage," U.S. F. & G. agrees to pay for "loss to a covered auto . . . caused by (1) someone causing [Rosner Motors] to voluntarily part with the covered auto by trick, scheme or under false pretenses . . . ."

Likewise, the essential facts about the transaction that resulted in the loss are not disputed. Some time around November, 1989, Dennis Kao met with Ron Rosner, owner of the plaintiff corporation, to discuss Mr. Kao's intention to purchase from Rosner Motors several automobiles for export. Pursuant to their arrangement, Mr. Kao took delivery and paid for three vehicles. On December 18, 1989, he took possession of a fourth vehicle, a 1990 BMW. The agreed purchase price was $30,280.00. Mr. Kao paid a portion of the purchase price and, on January 26, 1990, gave a check for the balance. In accord with their agreement and prior practice, that check was not to be negotiated; instead, it would be held until Mr. Kao placed the car for export at the Port of Baltimore and transmitted a cashier's check. As "security" for payment, Rosner Motors retained title until it received the cashier's check. In this instance, Mr. Kao did not remit a cashier's check to

make good his check of January 26, 1990. Rosner Motors retained title to the car. Later, Mr. Kao told Mr. Rosner he could not pay the balance owed because he "didn't have the money." Rosner Motors sued Mr. Kao on open account in April of 1990 and recovered a judgment. That judgment has not been satisfied.

Considering the undisputed evidence in the case and giving ordinary meaning to the words "trick," "scheme," and "false pretenses," the court is of the opinion that the plaintiff has failed to establish that it voluntarily parted with the 1990 BMW as the result of any means for which the policy affords protection, as distinguished from loss occasioned by a debtor's failure to pay on account or a promisor's failure to pay pursuant to agreement.

Accordingly, judgment must be for the defendant.